ARTHUR D. LOPER, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

County Court, Suffolk County, April 26, 1939.

*Stanley Fowler*, for the plaintiff.

*Robert P. Griffing*, for the defendant.

HILL, J. Plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice granted.

Plaintiff was employed by the Metropolitan Life Insurance Company under an agent's agreement, dated June 27, 1938, and signed

by the agent on July 1, 1938. The action is brought for additional commissions which the agent claims to have earned under article 7 of the agreement. There is no dispute between the parties that the commission was earned, but it is the contention of the company that they are not allowed to pay this commission because of the provisions of section 98-a of the Insurance Law, which reads as follows:

" § 98-a. Prohibitions on contracts with industrial insurance agents.

" 1. No life insurance company licensed to do business in the State of New York shall make any contract with any agent employed in the State of New York which shall provide:

" (a) That the company shall charge against the past, present or future compensation of the agent, either salary or commission, any sum of money as a result of the surrender for cash of any industrial policy by any policyholder;

" (b) That the company shall charge against the past, present or future compensation of the agent, either salary or commission, any sum of money as a result of the lapse of any Industrial policy that has been in force for three years or longer.

" 2. The above provisions shall not prohibit the company from contracting with its agents to charge any agents a sum not exceeding the commission on any policy written by the agent on the life of any person, or any relative sharing the home with the person, who has terminated a policy not more than three months before or who terminates a policy within three months after such policy is written."

Section 98-a is an attempt on the part of the Legislature to protect agents in the salary or commission earned. There is nothing in article 7 of the agent's agreement which deprives the agent of any salary or commissions, but he merely has a chance to earn additional commissions, the amount to be determined by the scale or method therein set forth.

Insurance is recognized as a contract beneficial to both the company and the insured, and the Legislature of the State of New York has recognized this for a great many years, and has seen fit to supervise insurance companies doing business within the State of New York to the end that the insured have the best protection that money can buy. Certainly lapsed policies are not good business and the insured loses his protection. The courts should encourage rather than discourage such practices. To give an agent a bonus or additional commission to encourage this desirable set-up is not only good business, but in the public interest.